UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO:

FABIO TOMAZ, JHONATHAN DIAS,
MARINA SANTOS ALMEIDA, RICARDO COSTA,
LUIZ SILVA, GABRIEL PELEGRIM, WILLIAM LUZIANO,
CARLOS VIERA, DEMILSA SILVA, PEDRO QUINTELA,
BRUNA REZENDE, RODRIGO QUIESA, and
LUCIANO CASSEMIRO

Plaintiffs,

v.

MAX ULTIMATE FOOD, INC. and
NEAL BALKOWICH

Defendants.

**COMPLAINT AND JURY DEMAND**

**I.     PARTIES**

1. Plaintiff Fabio Tomaz resides in Medford, MA.

2. Plaintiff Gabriel Pelegrim resides in Malden, MA.

3. Plaintiff Maria Santos Aleida resides in Everett, MA.

4. Plaintiff Jhonathan Dias resides in Malden, MA.

5. Plaintiff Carlos Viera resides in Allston, MA.

6. Plaintiff Ricardo Costa resides in Everett, MA.

7. Plaintiff Luiz Silva resides in Malden, MA.

8. Plaintiff William Luziano resides in Malden, MA.

9. Plaintiff Pedro Quintela resides in Chelsea, MA.

10. Plaintiff Bruna Resende resides in Melrose, MA.

11. Plaintiff Rodrigo Quiesa resides in North Miami, FL.

12. Plaintiff Luciano Cassemiro resides in Malden, MA.

13. Plaintiff Demilsa Silva resides in Malden, MA.

14. The Defendant, Max Ultimate Food, Inc. ("MAX") is a Massachusetts Corporation with a usual place of business in Boston, Massachusetts.

15. The Defendant, Neal Balkowich ("Balkowich") is a natural person residing in Boston, Massachusetts, and is the President of Max.

## II. FACTS

16. The above-named Plaintiffs are some former workers of MAX. They performed cooking and catering services for MAX at their facility in Boston and at the sites of their customers in both Massachusetts and New York.

17. The Plaintiffs were last employed by the Defendants in December 2018.

18. Throughout their employment, the Plaintiffs were paid at two separate rates as if they were working two separate positions. They were paid one rate for work performed at MAX's place of business in Boston and another rate for doing work at MAX's clients' sites.

19. MAX treated the Plaintiffs as have two separate positions.

20. When the Plaintiffs were required to work offsite, they were required to meet at MAX's facility in Boston. Then, they would drive, in groups, to various worksites. The Plaintiffs were not always paid for their travel from MAX's facility to the client sites.

21. Under the Wage Act, Defendant Balkowich, being the President of MAX was in control of the same at all relevant times and may also be held individually liable for MAX's failure to pay wages to the Plaintiffs.

22. The Plaintiffs have all exhausted their administrative remedies with the Office of the Attorney General and has obtained a Private Right of Action Letter prior to the filing of this suit.

## CAUSES OF ACTION

### COUNT I – VIOLATIONS OF FAIR LABOR STANDARDS ACT

23. The Plaintiffs hereby incorporate all allegations in paragraphs 1-22 with the same force and effect as if set forth herein.

24. The Defendants have annual sales over $500,000 per year and engage in interstate commerce.

25. The Defendants used the two purported jobs of each Plaintiff as a method of avoiding overtime, treating each job as a separate position. Sometimes, the Defendants would add in an amount entitled "weighted HAL." This did not fully compensate for the various overtime hours worked by the Plaintiffs.

26. The Defendants improperly changed Plaintiff Tomaz to a salary to avoid paying him the overtime hours that he was working.

27. The Defendants frequently calculated overtime on a bi-weekly basis, failing to pay overtime for hours worked over 40 per week.

28. The Defendants required their employees to meet at MAX's facility in Boston before travelling to various catering jobs. Despite the same, the Defendants frequently failed to pay the Plaintiffs for travel time.

29. After catering jobs were complete, the Plaintiffs were occasionally required to return to MAX's facility to re-pack extra food. The Plaintiffs were not paid for the travel time back to the facility or the repacking.

30. The Defendants willfully violated its obligations under the FLSA and are liable to the Plaintiffs for time worked without being compensated and/or for time they was not fully compensated as required by the FLSA.

31. As a direct result, the Plaintiffs have suffered monetary damages.

COUNT II – VIOLATION OF G.L. c. 149, §§ 148 – 150
FAILURE TO TIMELY PAY DUE AND PAYABLE WAGES
VERSUS ALL DEFENDANTS

32. The Plaintiffs hereby incorporate all allegations in paragraphs 1-31 with the same force and effect as if set forth herein.

33. As the employer of the Plaintiffs, the Defendants were legally obligated to timely pay their employees' wages for work performed by them on their behalf.

34. The Defendants failed to pay the Plaintiffs for all work they required them to do.

35. The Plaintiffs should have been paid wages for all tasks that they performed for the Defendants.

36. The Plaintiffs should have been paid for travel time when they were required to report to MAX's facility in Boston. When they were required to bring items back to MAX's facility in Boston, they were not paid their travel time back or time needed to re-pack the items.

37. The Defendants' failures to timely pay the wages of the Plaintiffs were repeated, knowing and willful.

38. Plaintiff Tomaz was improperly paid, at times, a flat rate of pay, even though he was simply a cook. MAX did this to avoid paying Tomaz his correct hourly pay.

39. These wages were due and payable to the Plaintiffs at the time of the filing of this complaint, and remain unpaid.

40. As a result of the Defendants' failures to timely pay wages, the Defendants have violated M.G.L. c. 149 and the Plaintiffs and should have been paid wages and have suffered damages.

## COUNT III - OVERTIME VIOLATIONS

41. The Plaintiffs hereby incorporate all allegations in paragraphs 1-40 with the same force and effect as if set forth herein.

42. Defendants' conduct in failing to pay the Plaintiffs time-and-a-half for unpaid hours worked in excess of forty per week, as set forth above, violates M.G.L. c. 151, § 1A.  This claim is brought pursuant to M.G.L. c. 151, § 1B.

43. As such, the Defendants are liable to the Plaintiffs for the full amount of his overtime pay, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorney's fees incurred by Plaintiffs in bringing this action.

## COUNT IV - SICK TIME VIOLATIONS

44. The Plaintiffs hereby incorporate all allegations in paragraphs 1-43 with the same force and effect as if set forth herein.

45. Defendants interfered with the Plaintiff Tomaz's use of his earned sick time by their actions, which included but are not limited to, failing to allow him to use the time and taking his vacation time instead.

46. The Defendants' actions violated M.G.L. c. 149 § 148C and Plaintiff Tomaz suffered damages as a result.

**WHEREFORE**, the Plaintiffs pray that this Honorable Court grant the following relief:

1. An award of damages for all wages, overtime, and minimum wages that are due to the named Plaintiffs under Counts I-IV;

2. Statutory trebling of all wage-related damages;

3. Attorneys' fees and costs;

4. Pre- and post-judgment interest; and

5. Any other relief to which the named Plaintiffs may be entitled.

## JURY DEMAND

The Plaintiffs hereby demands a trial by jury on all issues so triable.

                                                      Respectfully submitted,

Dated: March 21, 2019                                  The Plaintiffs,
                                                                         By their Attorney,

                                                      /s/ David Summer
                                                      David B. Summer (BBO #634514)
                                                      100 State Street, Suite 900
                                                      Boston, MA 02109
                                                      (617) 695-0050
                                                      david@summerlaw.com